

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-11-2006

# Noori v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3285

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Noori v. Atty Gen USA" (2006). *2006 Decisions.* Paper 466.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/466

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3285

———

MOHAMMAD SHAFIQ NOORI,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES; DISTRICT DIRECTOR FOR THE DEPARTMENT OF
HOMELAND SECURITY,

Respondents

———

Petition for Review of an Order
of the Board of Immigration Appeals
(No. A29-067-128)
Immigration Judge: William K. Strasser

———

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2006

Before:   SMITH, ALDISERT and ROTH, Circuit Judges

(Filed:  September 11, 2006)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Mohammad Shafiq Noori petitions for review of a final order of the Board of Immigration Appeals ("BIA"), which reversed the Immigration Judge's ("IJ") decision. Noori requests withholding of removal under Article 3 of the Convention Against Torture ("CAT"). We have jurisdiction to review the BIA's order pursuant to 8 U.S.C. § 1252. We will deny the petition.

## I.

The parties are familiar with the facts and proceedings before the BIA and the IJ, so we will only briefly revisit them. Petitioner Noori is a native citizen of Afghanistan and an ethnic Pashtun. He was granted asylum when he came to the United States in 1989, at the age of 15. In 1997, he pled guilty to Distribution of a Controlled Dangerous Substance in violation of NJSA § 2C:35-5b(2). In 2003, the Department of Homeland Security ("DHS") moved to reopen exclusion proceedings. Citing Noori's status as an aggravated felon, the IJ terminated his grant of asylum but allowed him withholding of removal under CAT, determining that Noori had established that it was more likely than not he would be tortured if he were removed to Afghanistan. The BIA granted an appeal by the government, holding that Noori had failed to meet his burden of proof. Noori petitions for review.

## II.

We review the BIA's legal conclusions de novo. Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). Its factual findings we review for substantial evidence. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Under the deferential substantial evidence standard, we will disturb the BIA's decision only if the petitioner shows that the evidence

2

"not only supports a contrary conclusion, but compels it." Id. at 483-484. If "reasonable, substantial, and probative evidence on the record considered as a whole" supports the BIA's decision, then we will deny the petition for review. Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006) (citing INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

Under CAT, an applicant bears the burden of establishing by objective evidence "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Sevoian v. Ashcroft, 290 F.3d 166, 174-175 (3d Cir. 2002)); 8 C.F.R. § 1208.16(c)(2).

III.

Noori argues that it is more likely than not he would be tortured if he returned to Afghanistan. He contends that several of his personal characteristics would make him a target for torture: his Pashtun ethnicity; his westernization resulting from his absence from Afghanistan for almost 20 years; his moderate Muslim faith; and his connection with his uncle who traffics drugs. He argues that the BIA: (1) violated its regulations and denied him due process by taking administrative notice of current conditions in Afghanistan based on an updated Department of State ("DOS") Country Report and a news report; (2) violated its regulations by reviewing the IJ's factual findings de novo instead of for clear error; (3) misapplied 8 C.F.R. § 1208.16(c)(3) with regard to internal relocation; and (4) erroneously denied Noori relief despite an absence of substantial evidence to support the Board's conclusions. We reject each claim in turn.

3

We first meet the contention that the BIA violated Noori's due process rights when it took administrative notice of the 2004 DOS Country Report without affording him an opportunity to respond. This claim is without merit. Even if we were convinced that an applicant for withholding of removal under the Convention Against Torture should be given notice when the Board is considering taking administrative notice of official documents, Noori's argument would still fail. He himself placed the DOS report at issue by relying on the 2003 Country Report in his petition before the IJ, and may not fault the BIA for considering an updated version.

In reviewing IJ decisions, the BIA is permitted by its regulations to take administrative notice of "commonly known facts such as current events or the contents of official documents." 8 C.F.R. § 1003.1(d)(3)(iv). A DOS Country Report is an official document within the meaning of this regulation. See 67 Fed. Reg. 54878, 54892-3 (Aug. 27, 2002) (listing DOS country condition reports as an example of what was intended by the term "official documents" in the regulation). Rather than forbid the consideration of up-to-date DOS Country Reports, this Court has encouraged the BIA to view an applicant's withholding of removal claims in light of contemporary country conditions. See Berishaj v. Ashcroft, 378 F.3d 314, 331 (3d Cir. 2004).

In addition to the 2004 Country Report, the BIA cited an online BBC "country profile" of Afghanistan. It is not necessary for us to decide whether the BIA can take administrative notice of information contained in a report of the popular press, because in this

4

case the BBC source was merely included in a string cite as support for information taken from the DOS Country Report, and as a source of information about anticipated provincial elections in Afghanistan. This information was not necessary to the BIA's decision.

B.

Noori contends that the BIA reviewed the IJ's findings of fact <u>de novo</u> rather than under the clearly erroneous standard that he argues was required by 8 U.S.C. § 1003.1(d)(3)(ii). The BIA decision, however, was based on its determination that the petitioner failed to meet his burden of proof; this is a question of law, not of fact. The BIA determined that Noori did not present sufficient evidence to demonstrate that more likely than not he would be tortured upon his return to Afghanistan. Whether the petitioner presented evidence sufficient to satisfy the burden of proof is a question of law to be reviewed by the BIA <u>de novo</u>.

The BIA reviewed each reason Noori gave for why he might be tortured: his Pashtun ethnicity, his westernization, his moderate Muslim faith, and his connection to his uncle convicted of drug trafficking in the United States. The BIA concluded that none of the evidence submitted was sufficient to satisfy Noori's burden of proof. As to ethnicity, the Board acknowledged that Pashtuns have been targeted for discrimination in the northern part of Afghanistan, but noted that Noori is from the southern part of the country and that he had presented no evidence compelling the conclusion that he, as a Pashtun, would more likely than not face torture either there or in Kabul. As to westernization, the Board noted that Noori's assertion that he would be perceived as westernized and tortured as a result was

5

speculative and essentially unsupported. As to Noori's moderate Muslim faith, the Board took administrative notice of information in updated DOS reports contradicting Noori's assertion that his clean-shaven face or beliefs could provoke torture. Finally, as to his drug-trafficking uncle, the Board emphasized Noori's failure to demonstrate that he would be connected to his uncle's drug trafficking activity or, if he were connected to it, that more likely than not he would be tortured as a result. We agree with the BIA's holding that the evidence was insufficient to support the IJ's conclusion that more likely than not Noori would be tortured if he returned to Afghanistan.

C.

Noori next asserts that the Board misapplied 8 C.F.R. § 1208.16(c)(3) when it required him to show that more likely than not he would face torture in every region of Afghanistan. BIA regulations specify that "[e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured" shall be considered in evaluating a petition under CAT. 8 C.F.R. §§ 1208(c)(3)(ii); (c)(3). Noori's argument on this point is somewhat opaque, but he seems to suggest that the BIA was required by § 1208.16(c)(3) to demonstrate that areas exist in Afghanistan where he likely would be safe from torture. Noori misreads the law. An evidentiary rule may not be used to slip around the burden of proof. By requiring evidence that Noori, a Pashtun, more likely than not would face torture in Kabul and in areas in the south of Afghanistan, the BIA properly applied § 1208.16(c)(3) in concert with § 1208.16(c)(2), which allocates the burden of proof to the

6

party seeking the benefit of CAT.

D.

Finally, Noori argues that substantial evidence does not support the BIA's denial of relief under CAT. Noori may only succeed with this argument if the evidence compels a conclusion contrary to that of the BIA. <u>Abdille</u>, 242 F.3d at 483-484. As discussed in B, <u>supra</u>, Noori failed to present evidence sufficient to support the conclusion that more likely than not he would be tortured if he returned to Afghanistan. The evidence certainly does not compel this Court to conclude that more likely than not Noori would be tortured if he returned to Afghanistan.

We have considered all contentions presented by the parties and conclude that no further discussion is necessary. The petition for review will be denied.

7